Song v. Holder

BIA
A073 641 886

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of August, two thousand twelve.

PRESENT:

      JON O. NEWMAN,
      GERARD E. LYNCH,
      RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

GONG ZI SONG,
      *Petitioner,*

      v.                     11-3950
                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Wendy Tso, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Gladys M. Steffens Guzman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gong Zi Song, a native and citizen of the People's Republic of China, seeks review of a September 2, 2011, order of the BIA denying her motion to reopen. *In re Gong Zi Song*, No. A073 641 886 (B.I.A. Sept. 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). Song challenges the BIA's finding that she was not prejudiced by her former attorney Nolan Cheng's failure to include evidence of her eligibility for adjustment of status with her 2002 motion to reopen.

To prevail on a claim of ineffective assistance, a movant "must show that [her] counsel's performance was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the [F]ifth [A]mendment [D]ue [P]rocess [C]lause." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (internal quotation marks

2

omitted).  To show a deprivation of fundamental fairness, a movant must allege facts to establish, inter alia, that "[s]he was prejudiced by [her] counsel's performance." *Id*. (internal citation and quotation marks omitted).  To show actual prejudice, a petitioner must demonstrate that she would have been entitled to relief but for the alleged ineffective assistance.  *Id.* (internal citation omitted).

The BIA did not err in concluding that Song was not prejudiced by Cheng's conduct because even if Cheng had included Song's application for adjustment of status and her family petition approval notice with her 2002 motion to reopen, the motion still would have been untimely.  *See* 8 C.F.R. § 3.2(c)(2) (1997) (90-day time limitation for motions to reopen); *see also Rabiu*, 41 F.3d at 882-83, citing *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994) (finding that proving actual prejudice requires a petitioner to establish that "had the application been filed, [s]he would have been entitled to relief"); *Matter of Valerde-Pacheco*, 23 I&N Dec. 253, 256 (BIA 2002) (a motion to reopen to pursue an application of adjustment of status, based on a marriage entered into after the commencement of proceedings, may be granted only, if, inter alia, the motion was timely filed).

3

Song also argues that the BIA's prejudice finding was nevertheless erroneous because the time limitation for her 2002 motion to reopen could have been tolled by the ineffective assistance of her original attorneys at her merits hearing.  This argument is unavailing, however, because she provided no evidence to support this claim.  *See Debeatham v. Holder*, 602 F.3d 481, 484-85 (2d Cir. 2010) (describing the evidence that a petitioner arguing ineffective assistance must present).  While not a jurisdictional prerequisite, we refrain from considering an ineffective assistance of counsel argument where, as here, the petitioner failed to raise it before the BIA.  *Rabiu*, 41 F.3d at 882, citing *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994).

Finally, Song's argument that her due process rights were violated because of Cheng's incompetence is defeated by her failure to show that she was prejudiced by Cheng's conduct.  *Rabiu*, 41 F.3d at 883*; Debeatham*, 602 F.3d at 484.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk